UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:17CV-P112-GNS

RANDY BOWMAN                                                             PLAINTIFF

v.

WARDEN RANDY WHITE *et al*.                             DEFENDANTS

## MEMORANDUM OPINION

Plaintiff Randy Bowman filed the instant *pro se* 42 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on initial review pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss Plaintiff's claims upon initial screening.

### I.

Plaintiff is a convicted inmate at the Kentucky State Penitentiary (KSP). He sues KSP Warden Randy White; Deputy Warden Tim Lane; Case Manager William Simpson; and Unit Manager Josh Patton. He sues each Defendant in his official capacity only.

Plaintiff states that he murdered another inmate at the Little Sandy Correctional Complex on June 30, 2016. He was convicted and sentenced to life without the possibility of parole. He reports that he was transferred to KSP in November 2016 and placed on administrative control status in January 2017. Plaintiff states as follows:

> I am presently on my 3rd cycle of AC . . . . I have done all that has been asked of me so as to get into the transition program so to be placed back into population . . . clear conduct completed 4 journal work books. But Unit Manager Patton and case manager Simpson keep reccomending me for AC and no threat exist . . . and Warden White and deputy warden Lane go along with this. This is a 14th Admendment violation as I do have a protected liberty interest here in that I could be benefiting from the 3 cell house transition program and all the program offers to others. If I am a threat as projected ship me out of state or allow me to participate in the 3 cell house program. I am being held in 7 cell house a sensory

depravation cell with nothing but $20.00 a week in chips & cookies from the store.

As relief, Plaintiff seeks injunctive relief only. He states that he is "asking this court for injunctive relief to either put me in the transition program or ship me out of state . . . ."

**II.**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will

not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

The Court construes the complaint as alleging that Plaintiff's continued placement in disciplinary segregation violates the Due Process Clause. However, it is well-established that prisoners do not have a constitutional right to be incarcerated in a particular facility, a particular part of the facility, or to be held in a specific security classification, unless the state has created a liberty interest in remaining at a particular institution. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Montanye v. Haymes*, 427 U.S. 236, 242 (1976); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Meachum v. Fano*, 427 U.S. 215 (1976). This is not the case in Kentucky, where classification, segregation, and transfer of prisoners are within the discretion of the corrections department. Ky. Rev. Stat. § 197.065. Courts have also regularly held that prisoners do not enjoy a constitutional right to rehabilitative programs. *Rhodes v. Chapman*, 452 U.S. 337, 347

(1981); *Canterino v. Wilson*, 869 F.2d 948, 952-54 (6th Cir. 1989) (no liberty interest in inmate classification or eligibility for work programs). In order for the segregation of an inmate to violate the Due Process Clause, the segregation must impose an "atypical and significant" hardship on the inmate "in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 483 (1995). Generally, there is no liberty interest in remaining free from disciplinary segregation. *Id.* at 484.

Plaintiff's allegations concerning his placement in segregation do not demonstrate an atypical and significant hardship in relation to the ordinary incidents of prison life. Therefore, the complaint fails to allege a violation of the Due Process Clause.

## IV.

For the foregoing reasons, the Court finds that the complaint fails to state a claim upon which relief may be granted and will dismiss this action by separate Order.

Date: November 29, 2017

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
4416.010

4